UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-CV-80319-COHN/WHITE

LINCOLN ANTHONY MOODY,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

**THIS CAUSE** is before the Court on Petitioner Lincoln Anthony Moody's Motion to Proceed In Forma Pauperis [DE 37], Motion for Appointment of Counsel to Assist Petitioner in Rule 60(b) Motion [DE 38], Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(5) and (6) [DE 39], Request for Admissions under Rule 36 [DE 40], and Motion for Leave to File, Motion to Proceed In Forma Pauperis, Motion for Appointment of Counsel, and Request for Admissions under Rule 36 [DE 41] (collectively "Motions") . The Court has considered Mr. Moody's Motions and is otherwise advised in the premises.

All of the Motions relate to Mr. Moody's desire to challenge his sentence via Federal Rule of Civil Procedure 60(b) based on the discovery of new evidence. Rule 60(b) does not provide for relief from a judgment in a criminal case. Rather, Mr. Moody must file his motion based on newly discovered evidence as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Regardless, even if Mr. Moody has filed his

Rule 60(b) motion as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, the Court would have to deny the motion.

The record reflects that Mr. Moody has already filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. See DE 1. The statute provides, in relevant part, that "[a] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Here, Mr. Moody does not indicate that the Eleventh Circuit certified Mr. Moody's Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(5) and (6). Furthermore, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 based on the discovery of new evidence must be filed no later than one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Here, Mr. Moody's motion is predicated on a recent independent analysis of the testing performed on the mixture and substance containing a detectable amount of cocaine that formed the basis of Mr. Moody's conviction in 2005. Mr. Moody presents no reason that he could not have conducted the independent analysis several years ago. Furthermore, the independent analysis states that "[t]he data did show the presence of cocaine in the samples analyzed." DE 39 at 4. The independent analysis, therefore, does not appear to aid Petitioner's cause.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Lincoln Anthony Moody's Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(5) and (6) [DE 39] is **DENIED**;

2. Petitioner Lincoln Anthony Moody's Motion to Proceed In Forma Pauperis [DE

37] is **DENIED AS MOOT**;

3. Petitioner Lincoln Anthony Moody's Motion for Appointment of Counsel to Assist Petitioner in Rule 60(b) Motion [DE 38] is **DENIED AS MOOT**;

4. Petitioner Lincoln Anthony Moody's Request for Admissions under Rule 36 [DE 40] is **DENIED AS MOOT**; and

5. Petitioner Lincoln Anthony Moody's Motion for Leave to File, Motion to Proceed In Forma Pauperis, Motion for Appointment of Counsel, and Request for Admissions under Rule 36 [DE 41] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 17th day of September, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE